UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES DEE CROGHAN,<br><br>                    Petitioner,<br><br>vs.<br><br>SHERIFF OF PAYETTE<br>COUNTY JAIL,<br><br>                    Respondent. | Case No. 1:25-cv-00331-DKG<br><br>**INITIAL REVIEW ORDER<br>AND REASSIGNMENT ORDER** |

The Court now reviews the "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" filed by James Dee Croghan ("Petitioner"), an inmate in custody of the Payette County Jail. Dkt. 1. Section 2241 is a "general grant of habeas relief" that applies to persons held in state custody for reasons other than a final state court criminal judgment; in particular, § 2241 applies to circumstances of pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction. *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to § 2241 habeas corpus cases. *See* Habeas Rule 1(b). The Court finds it appropriate to review Petitioner's filings pursuant to Habeas Rule 4, which authorizes summary dismissal of a habeas corpus petition where "it plainly appears from the petition

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

and any attached exhibits that the petitioner is not entitled to relief in the district court."

*See also* 28 U.S.C. § 2243 (same).

Petitioner asserts that he is being held in the Payette County Jail in lawful state custody. A federal detainer was lodged against him in March, pending an anticipated indictment in a federal criminal case, Case 1:25-cr-00067-DCN-1, *United States v. Croghan* ("Case 67"). He asserts that he is being held without timely execution of an arrest warrant or resolution of the federal detainer.

Petitioner's claim is without a proper legal basis. Addressing a similar fact pattern, the federal district court in *United States v. Dunston*, No. CR 08-289-1, 2017 WL 11680395 (E.D. Pa. July 24, 2017), explained:

> Petitioner believes (incorrectly) that the lodging of a federal detainer against him while he was in state custody triggered his right to a preliminary examination even though he remained in state custody. (Doc. No. 251 at 14-15.) "A detainer is an unexecuted warrant placed on an individual while in custody in another jurisdiction and is a matter of comity." *United States v. Felder*, 389 F. App'x 111, 116 (3d Cir. 2010). Consequently, the lodging of a federal detainer on Petitioner while he was in state custody did "not act as an 'arrest.'" *Id.* at 116 & n.9 ("[T]he federal 'detainer' did not convert [defendant's] state incarceration into a period of federal detention.")…. Because he was not in federal detention, Petitioner was not entitled to a preliminary examination.

*Id*. at *5.

Furthermore, since the filing of the Petition in this case, an arrest warrant has been returned executed, an attorney appointed, and a trial set in Case 67. Therefore,

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

Petitioner's request for resolution of the detainer is moot. This fact pattern was also present in *Dunston*, where the Court reasoned and concluded:

> [E]ven if the Government had somehow been required to provide Petitioner with a preliminary examination, he would not be entitled to relief here. The remedy for failure to provide a prompt preliminary examination is release from custody "without prejudice ... to the institution of further criminal proceedings against [defendant] upon the charge upon which he was arrested." 18 U.S.C. § 3060(d). Because the grand jury returned an Indictment (and a Superseding Indictment) against Petitioner, he suffered no prejudice from the "denial" of his right to a preliminary examination. (Doc. Nos. 8, 17); *see United States v. Williams*, 526 F. App'x 29, 35-36 (2d Cir. 2013) (defendant's claim that he did not receive preliminary hearing was rendered moot by filing of indictment); *United States v. Smith*, 22 F. App'x 137, 138 (4th Cir. 2001).

*Id*. at *6.

For the foregoing reasons, this case will be reassigned to a United States District Court judge to consider dismissal. Petitioner may file a response to this Order, which will be considered by the District Court judge in due course.

## ORDER

**IT IS ORDERED:**

1. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders, see 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the Clerk of Court shall reassign this case to a United States District Judge.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

2.  Petitioner may file a response to this Order or a notice of voluntary dismissal

within **14 days** after entry of this Order.

DATED: September 9, 2025

Honorable Debora K. Grasham
United States Magistrate Judge